# UNITED STATES DISTRICT COURT

for the
Eastern District of California

FILED
Mar 12, 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| In the Matter of the Search of | ) | | |
|---|---|---|---|
| | ) | | |
| A BLACK APPLE IPHONE SEIZED FROM CEDAR S. MONTGOMERY ON 2/16/2024 | ) ) ) ) | Case No. | 2:24-sw-0254 DB |

**APPLICATION FOR A SEARCH WARRANT**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

located in the _____Eastern_____ District of _____California_____, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 875(c) | Interstate Communication of Threats of Violence |
| 18 U.S.C. § 2261A | Cyberstalking |

The application is based on these facts:

**SEE AFFIDAVIT, attached hereto and incorporated by reference.**

- ☑ Continued on the attached sheet.
- ☐ Delayed notice _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/
_____
*Applicant's signature*

Special Agent Robert Simmons, FBI
*Printed name and title*

Sworn to me and signed via telephone.

Date: March 12, 2024 at 3:40 pm

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

City and state: Sacramento, California

*Printed name and title*

```
PHILLIP A. TALBERT
United States Attorney
ADRIAN KINSELLA
CHRISTINA McCALL
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America
```

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| In the Matter of the Search of:<br><br>A BLACK APPLE IPHONE SEIZED FROM CEDAR S. MONTGOMERY ON 2/16/2024 | CASE NO.<br><br>AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE |
|---|---|

I, Robert Simmons, being first duly sworn, hereby depose and state as follows:

### I.      INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a warrant to search a **black Apple iPhone** (**SUBJECT TELEPHONE**), seized from Cedar Sky Montgomery (Montgomery) after being arrested on February 16, 2024 in Arlington, Virginia.  This Court previously authorized a criminal complaint and arrest warrant in case 2:24-mj-0021-JDP, and this affidavit incorporates the probable cause and information contained in that criminal complaint.  The information to be searched is described in the following paragraphs and in Attachment B.

2.      I am a Special Agent ("SA") with the Federal Bureau of Investigation (FBI), and have been since August 1, 2021.  I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.  I have been employed as an FBI SA since August 2021 and am presently assigned to the FBI Sacramento Field Office - Ripon

AFFIDAVIT                                              1

Resident Agency's Transnational Organized Crime - Western Hemisphere (TOC-West). I have participated in numerous federal and state investigations, while using a variety of investigative techniques. I have interviewed victims, witnesses, cooperating sources, and defendants. As a result of this experience and my conversations with other law enforcement personnel, to include FBI Special Agents and local law enforcement experienced with criminal investigations, I am familiar with the methods used by individuals to commit criminal violations as well as effective investigative methods to solve them. During the time I have been employed with the FBI, I have executed numerous search warrants and participated in the seizure of physical and digital evidence relating to criminal investigations. I have received formal training at the FBI training academy in Quantico, Virginia where I successfully completed a 20-week basic field training course. This training included a variety of investigative and legal matters which includes but is not limited to a wide array of investigative techniques, operational skills, firearms, tactics, case management, and interview and interrogation training. Prior to my employment with the FBI, I was a police officer with the Topeka Police Department in Kansas, for approximately fifteen years. I attended numerous training courses specific to investigations. During my time with the Topeka Police Department, I spent approximately two years as a Community Policing Officer; primarily dealing with narcotics complaints in my assigned area. I also spent approximately two years as the Sergeant over that unit; overseeing several narcotics investigations. Additionally, I served as the Lieutenant over the Narcotics Unit and the Gang Unit for approximately eighteen months where I oversaw all narcotics investigations and gang investigations for the Topeka Police Department. Also serving at the rank of Lieutenant, for approximately one year, I oversaw all investigations pertaining to property crimes, financial crimes and complex investigations occurring on 2nd and 3rd shifts. Based on my experience and training I have become knowledgeable regarding criminal investigations.

3. The facts and information contained in this affidavit are based on my review of the materials collected during the investigation and information provided to me by other investigators. Unless otherwise indicated, I believe the information provided to me by others is reliable. In those instances where I assert an opinion or belief with respect to the facts alleged in this affidavit, that opinion or belief is based on my training and experience, along with my knowledge of the investigation

and any other specific factors I submit in connection with a particular assertion.  This affidavit is not intended to convey each and every fact of the investigation.  Instead, it is only intended to establish probable cause to support a criminal complaint charging the below listed individual with the above listed offense.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.  This investigation pertains to cyberstalking and criminal threats and is ongoing and evolving.  My understanding of the facts and circumstances presented within this affidavit may change over time, especially when considered in light of other evidence gathered during the investigation.

4. I make this affidavit in support of a search warrant for the SUBJECT TELEPHONE, which has been identified as the cell phone of Cedar Sky MONTGOMERY, seized from him during his arrest on 2/16/2024, in Arlington, Virginia.  The SUBJECT TELEPHONE is now located in the Eastern District of California but has not yet been searched.  MONTGOMERY is currently in custody based on a federal arrest warrant issued and complaint issued in this district as described above.  Subsequently, a federal grand jury returned an Indictment in this case: 2:24-cr-41-DAD, and this Court authorized a residential search warrant: 2:24-sw-184 JDP.  The complaint alleges that MONTGOMERY sent threats to injure in interstate commerce to Victim 3, on or about November 22, 2023, in violation of 18 U.S.C. § 875(c) – Interstate Communication of Threats of Violence.  The affidavit underlying the criminal complaint sets forth the investigation in greater detail.  I hereby incorporate the affidavit in case 2:24-mj-0021-JDP by reference.  This affidavit includes additional facts in order to support my request for a search warrant of the SUBJECT TELEPHONE.

5. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## II. PROBABLE CAUSE

6. Based on review of law enforcement reports, conversations other law enforcement personnel, data provided by Verizon, and my own knowledge of the investigation, I am aware of the following:

7. Since November 2023, the FBI has been investigating MONTGOMERY for stalking and sending harassing and threatening communications from his mobile phone to Victim 1 and Victim 2 in

the States of California and elsewhere, and to Victims 3 and 4 in a state other than California. Communications from MONTGOMERY to these victims had been ongoing since approximately November 16, 2023. On February 15, 2024, this Court authorized the criminal complaint and authorized a warrant for the arrest of MONTGOMERY. Law enforcement officers arrested MONTGOMERY in Arlington, VA, the following day. As of the submission of this request for a search warrant, MONTGOMERY remains in custody. For all referenced communications in the criminal complaint, MONTGOMERY utilized phone number 323-767-6836.

> i. *From the beginning of this investigation in November 2023 until his departure to DC in January 2024, MONTGOMERY's phone was consistently located at MONTGOMERY's mother's residence located at 2402 Campo Flores Lane, West Point, CA.*

8. On November 29, 2023, FBI obtained subscriber and location data for MONTGOMERY's cellular phone. According to Verizon records, the MONTGOMERY's cellular phone is an Apple iPhone 8 Plus subscribed to name of Sedar MONTGOMERY, address of XXXX Vine St., Hollywood, California 90028; MTN - Mobile Telephone Number - Effective Date of August 21, 2020.

9. According to location data, when conveying threatening messages in late 2023, MONTGOMERY's cellular phone was consistently located at or near West Point, California.

10. Historical call detail records of MONTGOMERY's cellular phone confirmed that it contacted all four victims' telephone numbers between November 16, 2023, and approximately November 30, 2023. During this timeframe, the historical call data for MONTGOMERY's cellular phone revealed 40 calls to Victim 1, 85 calls to Victim 2, six calls to Victim 3, and 48 calls to Victim 4. Data for MONTGOMERY's cellular phone revealed MONTGOMERY was consistently in the West Point, California area for the majority of the date range between December 10, 2023 and January 6, 2024, the day he travelled to the Sacramento International Airport and took a flight with a final destination of Washington DC.

> ii. *After his arrest on February 16, 2024, MONTGOMERY admitted the SUBJECT TELEPHONE was his*

11. On the night of February 15, 2024, someone called 911 to report a trespasser in a vacant

AFFIDAVIT 4

diplomatic residence on California St. NW, in Washington, DC.  A subsequent law enforcement investigation revealed evidence that MONTGOMERY had been squatting in the vacant diplomatic residence.  Officers discovered plane and bus tickets in MONTGOMERY's name, a sleeping location that appeared to have been recently used, a grill, and a lit-up tree with Christmas presents underneath.  The presents, which MONTGOMERY appeared to have wrapped himself (officers found rolls of wrapping paper in the residence), contained items such as women's lingerie and other apparent gifts for a woman such as bath bombs.  Pictures taken during the search are included below:

  

Officers did not locate MONTGOMERY that night.

12. On the morning of February 16, 2024, law enforcement located and arrested MONTGOMERY in nearby Arlington, VA.  MONTGOMERY was in possession of the SUBJECT TELEPHONE at the time of his arrest.  That phone was shipped to this district and is currently in FBI custody.  During a post-arrest interview, MONTGOMERY confirmed with investigators that his phone number was 323-767-6836 and that the SUBJECT TELEPHONE was his.  MONTGOMERY also said some things that do not appear to be consistent with reality during this interview.

iii. *A federal search warrant was executed at a residence associated with MONTGOMERY in, West Point, CA*

13. On February 20, 2024, a federal search warrant for the residence associated with MONTGOMERY in West Point, CA (2:24-sw-0187-JDP) was signed and authorized in this district.  During the search warrant execution, investigators interviewed the current occupant of the residence,

AFFIDAVIT 5

who confirmed MONTGOMERY's cell phone number as 323-767-6836.

### III. ELECTRONIC STORAGE AND FORENSIC ANALYSIS

14. Based on my knowledge, training, and experience, I know that electronic devices can store information for a long period of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

15. Forensic Evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the devices were used, the purpose of their use, who used them, and when. There is probable cause to believe that this forensic electronic evidence might be on the devices because:

   a) Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently alive. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the device was in use. File systems can record information about the dates files were created and the sequence in which they were created.

   b) Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c) A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d) The process of identifying the exact electronically stored information on a storage

AFFIDAVIT                                   6

medium that are necessary to draw an accurate conclusion is a dynamic process.  Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a device is evidence may depend on other information stored on the device and the application of knowledge about how a device behaves.  Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e) Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

16. Nature of Examination.  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant.  The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.  In executing the search, agents will follow the search protocol located in Attachment B.

17. Manner of Execution.  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is a reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

///
///
///
///
///
///
///
///
///

Affidavit                                                            7

## IV. CONCLUSION

18. I submit that this affidavit supports probable cause for a warrant to search the SUBJECT TELEPHONE described in Attachment A and seize the items described in Attachment B.

Respectfully submitted,

/s/
Robert Simmons
Special Agent
Federal Bureau of Investigation (FBI)

Sworn to me over the telephone and SIGNED by me pursuant to Fed. R. Crim. P. 4.1 and 4(d) on this 12th day of March 2024.

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/s/ Christina McCall
Approved as to form by AUSA CHRISTINA McCALL

AFFIDAVIT 8

**ATTACHMENT A**

**ITEM TO BE SEARCHED**

1. The SUBJECT TELEPHONE:

    a. A black Apple iPhone, seized from MONTGOMERY during his arrest in Arlington, VA on 2/16/2024.

        i. The device is currently located at the FBI Sacramento Evidence Control Room, 2001 Freedom Way, Roseville, CA.

2. This warrant authorizes the forensic examination of the SUBJECT TELEPHONE for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Device described in Attachment A that include evidence of the commission of the offenses described below, contraband, the fruits of crime, and things otherwise criminally possessed and property designed or intended for use in, or which is or has been used as the means of committing, a criminal offense in violation of 18 U.S.C. § 875(c) & 18 U.S.C. § 2261A involving Cedar Sky MONTGOMERY between February 2022 and the present, including but not limited to:

   a. any information, including communications, photographs, emails, text messages, audio files, videos, location data, contacts, digital address books, records, or data related to victims 1-4 or any other potential unidentified victim(s);

   b. any image or video of victims 1-4 or other potential unidentified victim(s);

   c. any communications that appear to discuss or relate to victims 1-4 or other potential unidentified victim(s);

   d. any information identifying other facilities, storage devices, or services — such as email addresses, IP addresses, phone numbers — that may contain electronic or other evidence indicating efforts to commit the foregoing offenses;

   e. any information, including location data, such as maps, waypoints, coordinates, intersections or navigational points found in any application, electronic storage bank or function of each device listed in Attachment A, recording the location, schedule or travel of Cedar Sky MONTGOMERY to commit the foregoing offenses;

   f. All bank records, checks, credit card bills, account information, and other financial records including banking sites, applications, electronic statements, account listings and usage found in any application, electronic storage bank or function of each device listed in Attachment A, that evidence the foregoing

offenses.

2.      Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3.      As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| | |
|---|---|
| In the Matter of the Search of<br><br>A BLACK APPLE IPHONE SEIZED FROM<br>CEDAR S. MONTGOMERY ON 2/16/2024 | )<br>)<br>)  Case No.  2:24-sw-0254 DB<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer

    An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the   Eastern   District of   California  
*(identify the person or describe the property to be searched and give its location)*:

**SEE ATTACHMENT A, attached hereto and incorporated by reference.**

    I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

**SEE ATTACHMENT B, attached hereto and incorporated by reference.**

    **YOU ARE COMMANDED** to execute this warrant on or before   March 26, 2024   *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time in the day or night because good cause has been established.

    Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

    The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to: <u>any authorized U.S. Magistrate Judge in the Eastern District of California.</u>

    ☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
    ☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  March 12, 2024 at 3:40 pm

/s/ *[signature]*

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

City and state:  Sacramento, California

*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name of any person(s) seized: | | |

**Certification**

I swear that this inventory is a true and detailed account of the person or property taken by me on the warrant.

_____

Subscribed, sworn to, and returned to me on this date.

_____        _____
Signature of Judge                                                  Date

**ATTACHMENT A**

**ITEM TO BE SEARCHED**

1. The SUBJECT TELEPHONE:

    a. A black Apple iPhone, seized from MONTGOMERY during his arrest in Arlington, VA on 2/16/2024.

        i. The device is currently located at the FBI Sacramento Evidence Control Room, 2001 Freedom Way, Roseville, CA.

2. This warrant authorizes the forensic examination of the SUBJECT TELEPHONE for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the Device described in Attachment A that include evidence of the commission of the offenses described below, contraband, the fruits of crime, and things otherwise criminally possessed and property designed or intended for use in, or which is or has been used as the means of committing, a criminal offense in violation of 18 U.S.C. § 875(c) & 18 U.S.C. § 2261A involving Cedar Sky MONTGOMERY between February 2022 and the present, including but not limited to:

   a. any information, including communications, photographs, emails, text messages, audio files, videos, location data, contacts, digital address books, records, or data related to victims 1-4 or any other potential unidentified victim(s);

   b. any image or video of victims 1-4 or other potential unidentified victim(s);

   c. any communications that appear to discuss or relate to victims 1-4 or other potential unidentified victim(s);

   d. any information identifying other facilities, storage devices, or services — such as email addresses, IP addresses, phone numbers — that may contain electronic or other evidence indicating efforts to commit the foregoing offenses;

   e. any information, including location data, such as maps, waypoints, coordinates, intersections or navigational points found in any application, electronic storage bank or function of each device listed in Attachment A, recording the location, schedule or travel of Cedar Sky MONTGOMERY to commit the foregoing offenses;

   f. All bank records, checks, credit card bills, account information, and other financial records including banking sites, applications, electronic statements, account listings and usage found in any application, electronic storage bank or function of each device listed in Attachment A, that evidence the foregoing

offenses.

2.      Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3.      As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.